```
 1                    UNITED STATES DISTRICT COURT

 2               FOR THE SOUTHERN DISTRICT OF CALIFORNIA

 3

 4   UNITED STATES OF AMERICA,     .
                                   .
 5              Plaintiff,         . No. 18-cr-0822-GPC-1
                                   .
 6              v.                 . February 22, 2018
                                   . 10:09 a.m.
 7   DANIEL DYE,                   .
                                   .
 8              Defendant.         . San Diego, California
     . . . . . . . . . . . . . . .
 9

10      TRANSCRIPT OF INITIAL APPEARANCE/ARRAIGNMENT/CHANGE OF PLEA
                     BEFORE THE HONORABLE JAN M. ADLER
11                    UNITED STATES MAGISTRATE JUDGE

12

13

14   APPEARANCES:

15   For the Government:     United States Attorney's Office
                             By: SABRINA L. FEVE, ESQ.
16                           880 Front Street, Room 6293
                             San Diego, California 92101
17
     For the Defendant:      Perkins Coie LLP
18                           By: SEAN T. PROSSER, ESQ.
                             11988 El Camino Real, Suite 350
19                           San Diego, California 92130

20

21

22

23
     Transcriber:            Chari L. Bowery
24   Proceedings Recorded by Electronic Sound Recording;
     Transcript Produced by Transcription
25
```

```
 1            SAN DIEGO, CALIFORNIA; FEBRUARY 22, 2018; 10:09 A.M.
 2                              -o0o-
 3            THE CLERK:  Calling matter Number 1A on the calendar,
 4   18-cr-822, United States of America v. Daniel Dye.
 5            MS. FEVE:  Good morning, Your Honor.  Sabrina Feve,
 6   on behalf of the United States.
 7            THE COURT:  Good morning.
 8            MR. PROSSER:  Good morning, Your Honor.  Sean
 9   Prosser, Perkins Coie, on behalf of the defendant.
10            THE COURT:  Good morning.
11            MR. PROSSER:  Good morning.
12       (Pause.) (Inaudible.)
13            THE COURT:  All right.  We can get started.
14       Mr. Dye, could you come to the podium.
15       Mr. Dye, I am showing you a document entitled "Waiver of
16   Indictment."  Can you see it?
17            THE DEFENDANT:  Yes, sir.
18            THE COURT:  Does your signature appear on it?
19            THE DEFENDANT:  Yes, sir.
20            THE COURT:  When I receive a waiver of indictment, it
21   tells me either that your attorney has reached a deal with the
22   government on your behalf, or is very close to doing so, and,
23   as part of the negotiations, you agreed to waive or give up
24   indictment by the grand jury.  Is that your understanding?
25            THE DEFENDANT:  Yes, sir.
```

```
 1              THE COURT:  I am assuming you had a chance to talk
 2    with your attorney before you signed the waiver of indictment,
 3    that he explained your right to have your case go before the
 4    grand jury, that he answered any questions you might have had
 5    about this matter, and that you are satisfied with his advice.
 6         Is each of those things true?
 7              THE DEFENDANT:  Yes, sir.
 8              THE COURT:  My clerk will now give you more
 9    information about your rights.
10              THE CLERK:  You are advised that you have a right to
11    have these charges presented to the grand jury for indictment,
12    or you may waive indictment and allow the United States
13    Attorney to file the charges by way of Information.
14         Please raise your right hand.
15         (Oath administered by the clerk.)
16              THE DEFENDANT:  Yes, I do.
17              THE CLERK:  You can put your hand down, sir.
18         And you can move that up.  Yeah.  There you go.
19         Daniel Dye, is that your true name?
20              THE DEFENDANT:  Yes.
21              THE CLERK:  You are hereby informed that an
22    Information has been filed charging you with Title 18 U.S.C.
23    Section 1037(c)(1)(A) and title -- U.S.C. Section 853(p), and
24    Title 28 U.S.C. 2461, criminal forfeiture.
25         Counsel, have you received a copy of the Information and
```

1  do you waive further reading?
2          MR. PROSSER:  Yes.
3          THE CLERK:  You are further informed that you have
4  the right to be represented by counsel at all proceedings
5  before the Court.  You have the right to remain silent.  You
6  have the right to a trial by jury.  You have the right to
7  confront and cross-examine any witnesses who testify against
8  you.  And you have the right to have witnesses subpoenaed to
9  testify in your behalf.
10     How do you now plead to the counts in which you are named?
11         THE DEFENDANT:  Guilty.
12         THE CLERK:  Thank you.
13         THE COURT:  Good morning again, Mr. Dye.
14         THE DEFENDANT:  Good morning.
15         THE COURT:  As you know, you are under oath for
16  today's hearing.  If you give any false answers to questions I
17  ask you, those answers could later be used against you in a
18  prosecution for a separate crime called perjury or false
19  statement.  Do you understand that?
20         THE DEFENDANT:  Yes, sir.
21         THE COURT:  Are you presently under the influence of
22  any alcohol, medication or drugs?
23         THE DEFENDANT:  No, sir.
24         THE COURT:  I have received a consent form waiving or
25  giving up your right to enter your guilty plea in front of the

1  judge who will sentence you.  Do you recall signing the
2  consent?
3      THE DEFENDANT:  Yes, sir.
4      THE COURT:  As a result of signing it, you will plead
5  guilty before me today, and you will be sentenced by the other
6  judge later on.  Is that what you wish to do?
7      THE DEFENDANT:  Yes, sir.
8      THE COURT:  Sir, you have the right to a speedy and
9  public jury trial and the right to be convicted by evidence
10 beyond a reasonable doubt at that trial.  You have the right to
11 have a lawyer represent you throughout your case, including any
12 trial, and the right to have a lawyer appointed to represent
13 you at no charge if you can't afford to pay for one.  You have
14 the right to confront and cross-examine the witnesses against
15 you, the right to have witnesses subpoenaed to court to testify
16 on your behalf, the right to testify and present any defense
17 you might have to the charges, and the right to remain silent
18 throughout all proceedings, including any trial.
19    By pleading guilty today, you will be giving up all of
20 these rights.  Do you understand that?
21     THE DEFENDANT:  Yes, sir.
22     THE COURT:  The elements of the conspiracy offense to
23 which you are pleading guilty today are as follows.  First,
24 beginning on or about December 27th, 2010 and ending on or
25 about October 21st, 2013, there was an agreement between two or

1  more persons to violate Title 18 United States Code Sections
2  1037(a)(5) and (b)(2)(E); and second, you became a member of
3  the conspiracy, knowing of at least one of its objects and
4  intending to help accomplish it.
5       The offense you conspired to violate -- namely, Title 18
6  United States Code Sections 1037(a)(5) and (b)(2)(E) -- has the
7  following elements.  First, that you knowingly falsely
8  represented yourself to be the registrant or the legitimate
9  successor in interest to the registrant of five or more
10 internet protocol addresses.  Second, you knew these internet
11 protocol addresses would be used to intentionally initiate the
12 transmission of multiple commercial electronic mail messages.
13 Third, as a result of this conduct, you obtained anything of
14 value aggregating $5,000 or more during any one-year period.
15 And the offense was in or affecting interstate or foreign
16 commerce.
17      Sir, if you plead guilty to this offense, you will be
18 admitting these elements.  Do you understand that?
19           THE DEFENDANT:  Yes, sir.
20           THE COURT:  Furthermore, in order to prevail on the
21 forfeiture allegations, the United States would have to prove
22 by a preponderance of the evidence that the property to be
23 forfeited is property real and personal, constituting or
24 traceable to gross proceeds obtained from the offense, and any
25 equipment, software and other technology used or intended to be

1  used to commit or facilitate the commission of the offense.
2       Do you understand that?
3            THE DEFENDANT:  Yes, sir.
4            THE COURT:  The maximum penalties for this offense
5  are three years in prison, a $250,000 fine, a mandatory special
6  assessment of $100 per count, a term of supervised release of
7  up to one year, an order of restitution to victims of the
8  offense or to the estate of the victims, and forfeiture to the
9  United States of any property, real and personal, constituting
10 or traceable to gross proceeds obtained from the offense, and
11 any equipment, software and other technology used or intended
12 to be used to commit or facilitate the commission of the
13 offense.
14      Do you understand the maximum penalties?
15           THE DEFENDANT:  Yes, sir.
16           THE COURT:  If you were to violate any of the
17 conditions of your supervised release, depending upon the
18 severity of the violation, you could be returned to prison for
19 the full amount of the supervised release term.  You would not
20 receive credit for the time you already served in custody, and
21 a new term of supervised release could be imposed.  If a new
22 term of supervised release were imposed and you again violated
23 the conditions of the new term of supervised release, the
24 process I just described could be repeated.
25      Do you understand that?

1            THE DEFENDANT:  Yes, sir.
2            THE COURT:  Sir, are you a citizen of the United
3    States?
4            THE DEFENDANT:  Yes.
5            THE COURT:  The sentencing judge will consider
6    certain guidelines, known as the sentencing guidelines, in
7    determining your sentence.  Because those guidelines are
8    advisory and not mandatory, the sentencing judge is not bound
9    by them and can vary from the guideline recommendations and
10   sentence you up to the maximum we spoke about a few moments
11   ago.
12        Do you understand that?
13           THE DEFENDANT:  Yes.
14           THE COURT:  Have you discussed the sentencing
15   guidelines with your attorney?
16           THE DEFENDANT:  Yes.
17           THE COURT:  Do you have any questions about those
18   guidelines now?
19           THE DEFENDANT:  No, sir.
20           THE COURT:  Once you are sentenced, you cannot
21   withdraw the plea you are making here today.
22        Do you understand that?
23           THE DEFENDANT:  Yes.
24           THE COURT:  Your plea agreement is signed on the last
25   page and initialed on each page.  Do you recall signing and

1  initialing it?
2          THE DEFENDANT:  Yes.
3          THE COURT:  There's also an addendum to the plea
4  agreement, a forfeiture addendum, and a restitution addendum.
5  Do you recall going over those documents with your attorney, as
6  well as the plea agreement itself?
7          THE DEFENDANT:  Yes.
8          THE COURT:  And do you recall signing and initialing
9  each of those documents?
10         THE DEFENDANT:  Yes.
11         THE COURT:  Before you signed and initialed the plea
12 agreement and the other documents I mentioned, did you have a
13 chance to ask your attorney any questions you might have had
14 about the terms of any of the documents?
15         THE DEFENDANT:  Yes, sir.  I did.
16         THE COURT:  Do you have any questions about the terms
17 of any of those documents now?
18         THE DEFENDANT:  No, sir.
19         THE COURT:  And are you satisfied with the advice you
20 received from your attorney?
21         THE DEFENDANT:  Yes, sir.
22         THE COURT:  In paragraph 11 of your plea agreement,
23 there's a provision about waiver of appeal and collateral
24 attack.  Do you recall going over that provision with your
25 attorney before you signed and initialed the plea agreement?

1              THE DEFENDANT:  Yes.
2              THE COURT:  At the time you signed and initialed the
3     plea agreement, did you understand the rights you would be
4     giving up by agreeing to the paragraph about waiver of appeal
5     and collateral attack?
6              THE DEFENDANT:  Yes.
7              THE COURT:  Mr. Prosser, have you discussed the plea
8     agreement thoroughly with your client and, in your opinion,
9     does he understand it in its entirety?
10             MR. PROSSER:  Yes, I have.  And it does.  Thank you.
11             THE COURT:  Mr. Dye, other than what the government
12    promised you in the written plea agreement, has anyone promised
13    you anything else that has caused you to decide to plead
14    guilty?
15             THE DEFENDANT:  No.
16             THE COURT:  The factual basis for your plea is set
17    forth on pages 3 through 10 of your plea agreement.
18         Counsel, given the length of the factual recitation, my
19    intention is to ask the defendant if he has reviewed each and
20    every one of these facts with counsel, and if each and every
21    one of them is true.  Is that satisfactory?
22             MS. FEVE:  It is, Your Honor.  Thank you.
23             MR. PROSSER:  Yes.
24             THE COURT:  Mr. Dye, if you look at pages 3 through
25    10 of the plea agreement -- I know your counsel has a copy

1  there he can show you.  Would you just take a moment to look
2  through those pages quickly.
3       All right.  Sir, did you have a chance to go over all of
4  those facts contained in those pages with your attorney?
5            THE DEFENDANT:  Yes.
6            THE COURT:  And having gone over those facts with
7  your attorney and having reviewed them, is each and every one
8  of them true?
9            THE DEFENDANT:  Yes, sir.
10            THE COURT:  Is the government satisfied with the
11  factual basis for the plea?
12            MS. FEVE:  Yes.  Thank you, Your Honor.
13            THE COURT:  And, Mr. Prosser, is the plea of your
14  client made voluntarily and with your concurrence?
15            THE DEFENDANT:  Yes, Your Honor.
16            THE COURT:  Mr. Dye, after all we have talked about
17  here this morning and knowing the maximum sentence you might
18  receive and the rights you are giving up by pleading guilty, do
19  you still wish to plead guilty today?
20            THE DEFENDANT:  Yes, sir.
21            THE COURT:  And how do you plead to the Information?
22  Guilty or not guilty?
23            THE DEFENDANT:  Guilty.
24            THE COURT:  I find your plea is freely and
25  voluntarily given, with an understanding, knowing and

1  intelligent waiver of your rights; that you are competent to
2  enter your plea; and that there's a factual basis for the plea.
3  I will therefore recommend the district judge accept the plea.
4      I am setting a sentencing hearing before Judge Curiel for
5  May 18 at 8:30 in the morning, and I will exclude the time
6  between today and the sentencing date under the Speedy Trial
7  Act, 18 United States Code Section 3161(h)(1)(B).
8      I have signed the findings and recommendation.
9      We should talk now about bail.
10         MS. FEVE:  Your Honor, the parties are prepared to
11 make a joint recommendation of an OR bond, given Mr. Dye's
12 cooperation to date.
13         THE COURT:  All right.  Thank you.
14      Anything from you, Mr. Prosser?
15         MR. PROSSER:  No.  I just wanted to say that Mr. Dye
16 has fully cooperated throughout.  He's here at his own expense
17 from Colorado.  He needs to be able to return to work -- to
18 care for his daughter, and also to work.
19         THE COURT:  Thank you.
20      Do we need to discuss any travel restrictions?
21         MS. FEVE:  Yes, Your Honor.  I don't believe we need
22 any travel restrictions at this time; although, if he is going
23 to travel outside the United States, I think he needs to -- he
24 should report it to pretrial services beforehand.
25         THE COURT:  All right.  Thank you.

1      All right.  I have indicated that the defendant will be
2 permitted to travel throughout the United States.  If the
3 defendant seeks to travel outside the United States, he is to
4 contact pretrial services beforehand with a proposed itinerary.
5      The defendant will be released on his personal
6 recognizance.
7      And, Mr. Prosser, you will need to take your client to the
8 marshal's office for fingerprinting and processing.
9           MS. FEVE:  And Your Honor, I believe the Court may
10 have already done so, but one of the documents submitted before
11 the Court has a sealing order.  If the Court wouldn't mind
12 sealing that, we would move orally for the sealing.
13           THE COURT:  Okay.  I have already taken care of that.
14           MS. FEVE:  Thank you, Your Honor.
15           THE COURT:  All right.  Thank you.
16           MR. PROSSER:  Thank you, Your Honor.
17           THE COURT:  Oh, yes.  I will need -- it's very --
18 rather perfunctory, but I will need to have the bond paperwork
19 filled out for the OR bond.
20      Rhea, do you have that?
21      We can provide that to you right now, and you can handle
22 that right now if you would like.
23           MR. PROSSER:  Thank you very much.
24           THE COURT:  Okay.  Thank you.
25      Thank you for providing me with all the documents in

1  advance, Ms. Feve.
2          MR. PROSSER:  Your Honor, we had discussed with the
3  government that the fingerprinting and processing be at a later
4  date.  I am wondering if that's agreeable.
5          MS. FEVE:  No, Your Honor.  I think what Mr. Prosser
6  and I had discussed is if the FBI, which is the investigating
7  agency, was going to do it.  But what I would suggest is I
8  believe pretrial had to do some processing, and I think that's
9  what the marshals are doing, and that has to be done today.
10         MR. PROSSER:  Okay.  Okay.  Thank you.
11         MS. FEVE:  Yeah.
12         THE COURT:  Thank you.  So, Rhea is going to give you
13 the form, and you can take care of that right now.  Have your
14 client sign.
15         THE CLERK:  And I already gave the marshals the
16 abstract.
17         MR. PROSSER:  Thank you.
18         THE COURT:  Thank you.
19         MS. FEVE:  Thank you, Your Honor.
20    (End of proceedings at 10:28 a.m.)
21                           -o0o-

```
 1                     C-E-R-T-I-F-I-C-A-T-I-O-N

 2

 3              I certify that the foregoing is a true and correct

 4   transcript to the best of my ability from the electronic sound

 5   recording provided to me by the U.S. District Court, Southern

 6   District of California, of the proceedings had on the date and

 7   time stated in the aforementioned cause.

 8              I further certify that I am neither counsel for,

 9   related to, nor employed by any of the parties to the action in

10   which this hearing was taken, and further certify that I am not

11   financially nor otherwise interested in the outcome of the

12   action.

13              DATED:  August 9, 2018, at San Diego, California.

14

15                              /s/  Chari L. Bowery
                                _____
16                              Transcriber
```